ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER REYES-DIAZ, | ) | CASE NO. 1:08CV1395 |
| | ) | (1:06CR0327-1) |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | [RESOLVING DOC. 149] |
| Respondent. | ) | |

This matter is before the Court upon Petitioner *pro se* Francisco Javier Reyes-Diaz's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 149). In addition to the motion, the Court has reviewed the government's Response (Doc. 154). For the reasons stated herein, the motion is denied.

## I. Facts and Procedural Background

On June 27, 2006, Petitioner was indicted on one count of conspiracy to distribute the controlled substance MDMA and one count of possession with intent to distribute MDMA. Petitioner, with the assistance of counsel, entered a guilty plea to the conspiracy count pursuant to a written Rule 11 plea agreement. Plea Agreement (Doc. 51). On August 30, 2007, the Court imposed a 70-month sentence. *See* Judgment in a Criminal Case (Doc. 138). Petitioner subsequently filed a timely motion for relief pursuant to § 2255.

Petitioner states three grounds for relief in his Motion to Vacate, Set Aside or Correct Sentence:

    A.    **Ground One:** Petitioner's guilty plea was unknowing and involuntary and therefore unconstitutional.

> **Supporting FACTS:** Petitioner asserts that his counsel erroneously induced him into pleading guilty by assuring him that, under the terms of the plea agreement, his sentence would be no more than 24 months.

B. **Ground Two:** Ineffective assistance of counsel at plea hearing and at sentencing hearing, and failure to appeal despite Petitioner's request.

> **Supporting FACTS:** Petitioner asserts that his counsel, Henry F. DeBaggis, erroneously induced him into pleading guilty by assuring him that, under the terms of the plea agreement, his sentence would be no more than 24 months. Also, counsel failed to file a direct appeal despite Petitioner's request.

C. **Ground Three:** The Court erred in sentencing Petitioner.

> **Supporting FACTS:** Petitioner contends that the sentence imposed by the Court after his conviction for participation in a narcotics distribution conspiracy was unreasonable because the Court failed to consider certain arguments made pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a) concerning his efforts to cooperate with the government.

## II. Applicable Law

Under 28 U.S.C. § 2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction and sentence. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Motions brought under § 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law. *See Davis v. U.S.*, 417 U.S. 333 (1974); *Cohen v. U.S.*, 593 F.2d 766, 770 (6th Cir. 1979).

Section 2255 sets forth four grounds upon which federal prisoners may ordinarily challenge their conviction or sentence: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. U.S.*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)) (internal quotation marks omitted). Motions to vacate, set

aside or correct a sentence pursuant to § 2255 must be filed in the trial court that sentenced the movant. 28 U.S.C. § 2255(a); *Gregory*, 181 F.3d at 714.

A petitioner seeking to vacate, set aside or correct a sentence under § 2255 "has the burden of sustaining his contentions by a preponderance of the evidence." *Wright v. U.S.*, 624 F.2d 557, 558 (5th Cir. 1980). In order to prevail on a § 2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude occurred that had a substantial and injurious effect or influence on the proceedings. *McNeil v. U.S.*, 72 F. Supp.2d 801, 803 (N.D. Ohio 1999) (citing *Watson v. U.S.*, 165 F.3d 486, 488 (6th Cir. 1999)). In order to prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *U.S. v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. U.S.*, 368 U.S. 424, 428 (1968)).

### III. Petitioner's Claims

**1. Involuntary Plea Claim**

Petitioner's first contention is that his plea was involuntary because Mr. DeBaggis and DEA Special Agent Lee M. Lucas promised him a sentence of no more than 24 months. However, Petitioner signed and accepted a plea agreement under oath which stipulated that the sentence would be between 70 to 87 months or 46 to 57 months, depending on the success of his argument that the gun enhancement should not apply. *See* Doc. 51 at 5. Nowhere did the agreement suggest the possibility of a 24-month sentence. Furthermore, in the plea agreement, Petitioner acknowledged that his guilty plea was "freely and voluntarily made and that no . . .

3

promises[ ] or representations [were] made . . . other than those set forth in [the plea] agreement, to induce the defendant to plead guilty." *Id.* at 12-13.

While it is true, as Petitioner asserts, that the plea must be knowing and voluntary, Fed. R. Crim. Proc. 11(b)(2), Petitioner made an oath in open court that this was the case. As the Supreme Court said in *Blackledge v. Allison*, "the representations of the defendant . . . accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." 431 U.S. 63, 73-74 (1977). Here, Petitioner has done little to overcome this presumption other than to make unsubstantiated allegations that his attorney and a government agent promised him no more than a 24-month sentence. As *Blackledge* further instructed, "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74.

In addition to the stipulations of the written plea agreement, the Court specifically asked Petitioner whether anyone had made promises to him which were not included in the agreement, to which he responded, "No." Transcript of Change of Plea Proceedings (Doc. 153) at 9. As the Sixth Circuit has previously held, "where the court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.'" *U.S. v. Todaro*, 982 F.2d 1025, 1029 (6th Cir. 1993) (quoting *Baker v. U.S.*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976))). In the present case, the Court went to painstaking lengths to assure Petitioner understood the terms of his plea agreement. Petitioner stated in open court that he understood those terms and signed the plea agreement. Now he must live with those decisions.

The only specific evidence Petitioner offers to show false inducement is to assert that DEA Special Agent Lucas was suspended and placed under investigation for corruption on March 5, 2008.[1] There is, however, no indication that this alleged corruption had any connection to the case at bar. In any event, the investigation hardly "confirms that he is a corrupt agent who in agree [sic] with counsel[,] Mr. [DeBaggis,] induced petitioner to give more information to conduct to [sic] the arrest and conviction of co-defendant Cardona." Doc. 149 at 10.

Moreover, Petitioner presents no specific evidence to support his allegation that his attorney was corrupt other than by virtue of his work with DEA Special Agent Lucas, which resulted in the plea agreement. To accept such an argument of automatic guilt by association would effectively cast the shadow of corruption over any defense attorney who has ever negotiated a plea agreement with a government agent. Thus, on the face of the record, Petitioner's contentions on this ground are not just unreasonable, but "wholly incredible." *Blackledge*, 431 U.S. at 74.

**2. Ineffective Assistance of Counsel Claim**

In order to prevail on this type of claim, Petitioner bears the burden of showing that counsel's performance "fell below an objective standard of reasonableness" and that counsel's ineffectiveness prejudiced Petitioner's defense so as to deprive him of his right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

---

[1] On May 12, 2009, a Grand Jury in the Northern District of Ohio returned an 18 count indictment which charged DEA Special Agent Lucas with seven counts of obstruction of justice (Counts 1-7), one count of making a false statement (Count 8), seven counts of perjury (Counts 9-15) and three counts of violating civil rights (Counts 16-18). *U.S. v. Lucas*, Case No. 1:09CR0222 (N.D. Ohio). He was found not guilty on February 5, 2010.

To warrant reversal of a conviction, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  Court scrutiny of the performance of defense counsel must be "highly deferential." *Id.* at 689.  Furthermore, the court reviewing the effectiveness of counsel must recognize that it is "strongly presumed" counsel's assistance was adequate.  *Id.* at 690. Decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel.  *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).  Consequently, while trial counsel's tactical decisions are not completely immune from Sixth Amendment review, they must be particularly egregious before they will provide a basis for relief.  *Martin v. Rose*, 744 F.2d 1245, 1250 (6th Cir. 1984).

Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [*ultimate*] judgment."  *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (emphasis in original) (quoting *Strickland*, 466 U.S. at 691, quoted in *Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990)).  "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won."  *U.S. v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc), *cert. denied*, 508 U.S. 975 (1993).

**a. Inducement by Promises of Counsel**

Similar to his first claim, Petitioner supports his second ground for relief by again alleging that his attorney induced him to plead guilty by promising him a sentence of 24 months

6

or less.  Furthermore, he contends that his attorney failed to explain the operation of the U.S. Sentencing Guidelines and its applicability to his case.  However, as discussed above, there is little indication that this was in fact the case.  The plea agreement, which the Court meticulously went over with Petitioner and which he signed, made clear in no uncertain terms that his sentence would probably be well above 24 months.  Moreover, when questioned by the Court, Petitioner asserted that nobody had induced him to plead guilty by making promises which were not included in the plea agreement.  Even if Petitioner's assertions were true, the Court did a more than adequate job of explaining the terms of the plea agreement to Petitioner; and his attorney's actions would not have been so egregious as to constitute ineffective assistance of counsel.   Petitioner was not prejudiced by whatever notions of a 24-month sentence he may have had.  Any failure to understand the terms of the agreement was the fault of Petitioner.

**b.  Failure to Appeal**

Petitioner also contends that his counsel was ineffective for failure to file an appeal despite Petitioner's request.  The Supreme Court has held that the requirements of *Strickland*, *supra*, discussed above, also apply to claims that counsel was ineffective for failing to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000).  In *Flores-Ortega*, the Court found the defendant is required "to demonstrate that, but for counsel's deficient conduct, he would have appealed." *Id.* at 486.  Furthermore, the Court held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477.  In the event that counsel consulted with the defendant about whether to file an appeal, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at

478. Counsel's "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment" regardless of whether the appeal would have been successful. *Ludwig v. U.S.*, 162 F.3d 456, 459 (6th Cir.1998). Without an actual request by the defendant that counsel file an appeal, however, the defendant would not fall within the compass of the *Ludwig* rule. *Carrion v. U.S.*, 107 F. App'x 545, 547 (6th Cir. 2004).

In the present case, Petitioner argues that counsel's representation fell below the objective standard of reasonableness by disregarding specific instructions from the defendant to file a notice of appeal. Petitioner submitted an affidavit stating that he instructed Mr. DeBaggis to appeal the case. *See* Doc. 149-1 at ¶ 11.

The record indicates that the defendant waived his right to appeal. A defendant in a criminal case may waive any right, even a constitutional right by means of a plea agreement. *U.S. v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). Petitioner entered into a Rule 11 plea agreement with the government which contained an appeal waiver.[2] Defendant signed the plea agreement. He also verbally indicated to the Court during the plea proceedings that he understood the agreement. Doc. 153 at 7-8. In addition to his written waiver, the defendant also stated that he understood that he was waiving his right to appeal. *Id.* at 17-18.

---

[2] 13. The defendant acknowledges having been advised by counsel of the defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant expressly waives those rights, except as reserved below. Defendant reserves the right to appeal any sentence imposed above [the] guideline range established through this agreement and any adverse determination regarding his criminal history. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies the defendant may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

Doc. 51 at 6-7.

In this case, Petitioner's affidavit stating that he instructed his counsel to file an appeal is belied by evidence in the record. Petitioner's counsel, Mr. DeBaggis, submitted both an affidavit stating that Petitioner agreed not to appeal[3] and a contemporaneous letter to Petitioner which explicitly states "you have instructed me that you do not want to appeal the sentence imposed." Doc. 154-1 at 4. Under these circumstances, it is not disputable that Petitioner understood he had a right to file a notice of appeal, particularly where he waived such right on paper and in open court.

The government's argument to the contrary (Doc. 154 at 20), the failure to file an appeal where a petitioner has waived that right can constitute ineffective assistance of counsel. *See Watson v. U.S.*, 493 F.3d 960 (8th Cir. 2007) (limited waiver and claim of specific instructions to attorney mandate evidentiary hearing in district court). In that case, the district court found that failure to file an appeal may have prejudiced the petitioner, consistent with holdings in the Second and Tenth Circuits, *Campusano v. U.S.*, 442 F.3d 770, 775 (2d Cir. 2006) and *U.S. v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005).[4] Thus, it remanded for an evidentiary hearing in the district court. However, the case at bar presents different facts which distinguish it from *Watson*. Here, Petitioner waived his right to appeal completely so long as he did not receive a sentence above the guideline range established through his plea agreement. He received a

---

[3]"After sentencing, I discussed with Reyes-Diaz his right to appeal the conviction and sentence imposed and he instructed me not to appeal." Affidavit of Henry F. DeBaggis (Doc. 154-1) at 2 ¶ 8.

[4]The circuit courts are split over this issue. Seven courts of appeal have held that counsel still has a duty to file a notice of appeal when a client so requests, even when the client signed a waiver of appeal. *See Campusano*, 442 F.3d at 772-77 (2d Cir. 2006); *U.S. v. Poindexter*, 492 F.3d 263 (4th Cir. 2007); *U.S. v. Tapp*, 491 F.3d 263 (5th Cir. 2007); *Watson*, *supra*; *U.S. v. Sandoval-Lopez*, 409 F.3d 1193, 1195-99 (9th Cir. 2005); *Garrett*, 402 F.3d at 1265-67; *Gomez-Diaz v. U.S.*, 433 F.3d 788, 791-94 (11th Cir. 2005). Only two courts have held to the contrary. *See U.S. v. Mabry*, 536 F.3d 231, 239-42 (3d Cir. 2008); *Nunez v. U.S.*, 546 F.3d 450 (7th Cir. 2008).

sentence of 70 months--the bottom of the guideline range in the agreement. In addition, the purpose of the evidentiary hearing has been fulfilled by the filing of the attorney affidavit and the contemporaneous letter to Petitioner from Mr. DeBaggis indicating that consistent with Petitioner's directives, no appeal would be filed; the written acceptance of the plea agreement; and Petitioner's statements to the Court at the time of the change of plea hearing.

The Court is not required to hold a full-blown evidentiary hearing where there is a thorough record against which the § 2255 claim can be measured. *See Smith v. U.S.*, 348 F.3d 545, 550-51 (6th Cir. 2003). Petitioner's recent, self-serving affidavit cannot undo the facts clearly and unambiguously showing waiver.

Thus, the Court concludes that Petitioner fails to show that counsel's representation "fell below an objective standard of reasonableness," and has not shown that counsel's performance prejudiced him. *See U.S. v. Johnson*, No. 2:05CR80050, 2008 WL 565463, at *3-*5 (E.D.Mich. Feb.29, 2008) (Borman, J., adopting Recommendation of Morgan, M.J.).

### 3. Erroneous Sentence Claim

Petitioner's last contention is that his sentence was unreasonable. Specifically, he argues that the Court failed to consider certain arguments concerning the sentencing factors set forth in 18 U.S.C. § 3553(a) and his efforts to cooperate with the government. He also argues that the Court failed to consider the disparity between his sentence and that of his co-conspirators--Petitioner receiving a 70-month sentence while his co-conspirators received sentences of 30 and 46 months.

Petitioner's plea agreement expressly waived his right to collaterally attack or appeal his sentence, unless it exceeded the range specified in his plea agreement. Doc. No. 51 at 6-7. The

Sixth Circuit has upheld this type of waiver when made knowingly and voluntarily. *U.S. v. Luebbert*, 411 F.3d 602, 603 (6th Cir. 2005); *U.S. v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *U.S. v. Swanberg*, 370 F.3d 622, 625-26 (6th Cir. 2004); *U.S. v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). As discussed above, Petitioner's plea agreement, including the waiver, was made knowingly and voluntarily. Moreover, the Court explained the effect of the waiver to Petitioner in open court and Petitioner said that he understood. *See* Doc. 153 at 29-30. As mentioned above, Petitioner's sentence was actually on the low end of the 70 to 87 month range provided for in his plea agreement. Therefore, Petitioner is unable to challenge the propriety of his sentence. *Cf. U.S. v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005); *Fleming*, 239 F.3d at 763-64.

## IV. Conclusion

Petitioner Francisco Javier Reyes-Diaz's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 149) is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| April 6, 2010 | */s/ John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |